## WARNER v. SCHWEITZER.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

1. SPECIFIC PERFORMANCE—SALE OF REALTY—SUFFICIENCY OF TITLE—EMINENT DOMAIN.

Where plaintiff contracted to sell land to defendant after passage of Laws 1895, c. 789, as amended by Laws 1896, c. 612, creating the East river bridge commission, and the filing of a map for the erection of the bridge pursuant thereto, which included as lands to be taken the lands contracted to be conveyed, but no proceedings had been taken for the condemnation of the land, plaintiff's title therein was not devested or affected so as to be a defense to an action for specific performance of the contract, since no title could vest in the commissioners until a report in condemnation proceedings had been confirmed.

2. SAME—TITLE OF VENDOR—KNOWLEDGE OF VENDEE—CONFLICTING EVIDENCE.

The evidence being conflicting as to whether defendant, at the time of making the contract to buy certain property, knew that it was likely to be condemned for bridge purposes, but being sufficient to support a decision that the subject of the location of a bridge in that vicinity, and the probability of the land being taken for such purpose, was fully disclosed and discussed, both before and at the making of the contract, the judgment for specific performance will not be disturbed.

Appeal from special term, New York county.

Action by Walter E. Warner against Isidore Schweitzer. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

For former opinion, see 65 N. Y. Supp. 384.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Julius J. Frank, for appellant.
Robert H. Roy, for respondent.

O'BRIEN, J. The action was brought to compel the specific performance of a contract for the purchase of the premises 56 Ridge street, New York City. It is admitted that the parties entered into a contract on December 1, 1898, by which the defendant agreed to pur-

chase the property for the sum of $19,000; that $300 was paid on the signing of the contract, and $1,200 was to be paid when the title passed, which was to be on March 6, 1898, and the balance of $17,500 to remain secured by a purchase-money mortgage. The defendant objected to the title, and refused to take the property on the ground that the legislature by chapter 789 of the Laws of 1895, as amended by chapter 612 of the Laws of 1896, created the East river bridge commission, and that the map (filed before the making of the contract) for the erection of the bridge included as lands to be taken the the parcel owned by the plaintiff.

It was not shown upon the trial, nor does it appear in this record, that any proceedings have ever been taken to condemn the premises in question. That no title could vest in the bridge trustees or commissioners until the report in condemnation proceedings was confirmed has been held in Re Commissioners of Washington Park, 56 N. Y. 144; Re Military Parade Ground, 60 N. Y. 319; Re Rhinebeck & C. R. Co., 67 N. Y. 242; People v. Common Council of City of Syracuse, 78 N. Y. 56–59.

It is insisted, however, that the title is rendered unmarketable and defective because subject to some rights (not stated) which vested in the commissioners or bridge trustees by virtue of the acts of the legislature referred to and the filing of the map including these premises within the area of land likely to be condemned. Although we think that in the cases above referred to this precise question had been disposed of adversely to appellant's contention, we prefer, as did the learned judge at special term, to rest our decision upon a determination of the question of fact litigated at the trial, as to whether or not the defendant, when he made the contract, knew that the property was likely to be condemned and taken for bridge purposes.

A review of the testimony shows that the defendant was in the real-estate business, and owned property in the immediate vicinity of Ridge street, and had knowledge of the contemplated bridge structure. Mr. Warner testified that before the time for executing the contract Mr. Julius Schweitzer, who was defendant's partner and agent, said there was a possibility that the bridge authorities would want that property at some future time, and asked for an extension of time of the mortgage to be given in part payment of the purchase money, so as to avoid the difficulty that might be experienced in raising a new mortgage if the one to be given became due while the question was pending as to the taking of the property by the bridge trustees, which extension was accordingly granted. Another witness testified that Mr. Schweitzer "had an idea that perhaps the bridge might come there and take it." Mr. Schweitzer himself testified that he knew, perhaps a month prior to making the purchase, that the bridge was to be built in the East river, foot of Delancey street, near Ridge street, but he adds that he did not think the bridge was coming his way. It thus appears that there was evidence sufficient to support the decision that the subject of the bridge being located in the locality, and the probability of the land in question being taken for bridge purposes, was fully disclosed and discussed,

both before and at the time of the making of the contract. We would not, therefore, upon the evidence, be justified in interfering with the determination reached at special term on this disputed question of fact, which, being resolved in plaintiff's favor, renders it unnecessary to discuss the other questions raised on this appeal.

Judgment accordingly should be affirmed, with costs. All concur.